# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA DITTMAR, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>COSTCO WHOLESALE CORPORATION, Washington corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 14-CV-1156-LAB-JLB<br><br>**ORDER** |

The Ninth Circuit remanded this action to this Court to consider the relevance, if any, of the United States Supreme Court's opinion in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), and the Ninth Circuit's opinion in *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015). Those cases explain "when the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand . . . both sides submit proof and the court then decides where the preponderance lies." *Ibarra*, 775 F.3d at 1198. In *Ibarra*, the defendant relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence, and the plaintiff contested the assumption without asserting an alternative violation rate grounded in real evidence.

///

*Id.* at 1199. The Ninth Circuit remanded "for both sides to submit proof related to the disputed amount in controversy." *Id.*

As in *Ibarra*, Costco relies on several assumptions. *See Dittmar v. Costco Wholesale Corp.*, 2014 WL 6892189, at *4-6 (S.D. Cal. Nov. 5, 2014). For example, it assumes all putative class members were harmed in an equal and uniform manner. *Id.* at *4. When calculating the unpaid overtime claim, it assumes fifteen minutes of unpaid overtime for every two-week period. *Id.* When calculating the incorrect itemized wage statements claim, it assumes an almost 100% violation rate. *Id.* at *5. It also assumes that figures for "salaried nonexempt pharmacy managers and other department managers working in California from April 3, 2010 to April 3, 2014" are relevant in calculating total damages for the "Department Manager Class." *Id.* Dittmar contests these assumptions, but doesn't allege an alternative violation rate, e.g., based on her observations as a former employee.

Consistent with *Ibarra* and *Dart*, the Court **ORDERS** "both sides to submit proof related to the disputed amount in controversy" so it can "determine if a preponderance of the evidence shows that the amount in controversy exceeds $5 million." *Ibarra*, 775 F.3d at 1199. The parties may submit "affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Id.* at 1197 (quotation omitted). Costco shall file a response no later than May 4, 2015 and Dittmar shall file a reply no later than May 11, 2015. The parties' filings shall be no longer than five pages, not counting any lodged or appended materials.

**IT IS SO ORDERED**.

DATED: April 23, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge