1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA DITTMAR and PAULINE TILTON, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br>     vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>                            Defendant. | CASE NO. 14-CV-1156-LAB-JLB<br><br>**ORDER PERMITTING FURTHER BRIEFING ON MOTION FOR REMAND (DOCKET NO. 5)** |

This is an employment class action.  Plaintiffs Paula Dittmar and Pauline Tilton seek to bring their claims on behalf of two proposed classes:

- *Pharmacist class*: All current and former non-exempt pharmacists employed by Costco in California since April 3, 2010.

- *Manager class*: All current and former non-exempt managers who were paid hourly compensation and employed by Costco in California since April 3, 2010.

Costco removed from state court.  (Docket no. 1.)  Plaintiffs seek remand.  (Docket nos. 5 and 30.)

## I.    Background

### A.    Procedural Background

The Court previously granted Dittmar's motion to remand to state Court, holding Costco hadn't met its burden to demonstrate that the amount in controversy exceeds

$5,000,000, as required to establish subject matter jurisdiction under the Class Action Fairness Act (CAFA).  (Docket no. 16.)  Costco appealed, and the Ninth Circuit remanded for the Court to consider the relevance, if any, of the United States Supreme Court's opinion in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), and the Ninth Circuit's opinion in *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015). Those cases explain "when the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand . . . both sides submit proof and the court then decides where the preponderance lies." *Ibarra*, 775 F.3d at 1198.  So the Court ordered both sides to submit proof related to the disputed amount in controversy.  (Docket no. 25.)

### B.    Factual Background

Plaintiffs allege Costco: failed to pay overtime; failed to pay all wages due; failed to provide timely meal breaks; provided inaccurate wage statements; failed to pay unpaid wages at the time of discharge; failed to pay accrued vacation pay at discharge; engaged in unfair business practices; and engaged in conversion.  (Docket no. 1-1.)  They contend Costco committed these violations on a regular basis.  (*See* Docket no. 1-1 at ¶¶ 10, 11, 21–23, 27, 28.)  They allege that the pharmacist and manager classes each include "at least 99 members."  (*Id.* at ¶¶ 10, 11.)  But they don't plead a specific amount in controversy.

To quantify the amount in controversy, Costco declares that, since April 3, 2010, it has employed more than 400 non-exempt pharmacists, 100 salaried non-exempt pharmacy managers, and 700 salaried non-exempt managers in California. (Docket no. 1-2 at ¶¶ 4–6.) From April 3, 2010 through April 3, 2014, it employed, on average, more than 114 non-exempt pharmacists, 82 salaried non-exempt pharmacy managers, and 624 salaried non-exempt department managers per workweek.  (*Id.*)  During that period, 181 non-exempt pharmacists, 10 salaried non-exempt pharmacy managers, and 25 salaried non-exempt department managers left the employment of Costco.  (*Id.*)  During the same time period, non-exempt pharmacists made at least $58.75 per hour, salaried non-exempt pharmacy managers made at least $63.22 per hour for overtime purposes, and salaried non-exempt department managers made $22.67 per hour for overtime purposes.  (*Id.*)

After remand, Costco provided the following additional evidence:

- Non-exempt salaried department managers . . . , although categorized as "salaried non-exempt" and guaranteed a fixed "salary" for 40 hours of work each week, receive hourly compensation for purposes of calculating their overtime and doubletime pay as well as their vacation pay and holiday pay.

- Costco's full-time salaried non-exempt pharmacy department managers and pharmacists in California generally have, at all relevant times, been scheduled to work 8 hours per day.  Costco's other non-exempt ancillary department managers in California generally have, at all relevant times, been scheduled to work 9 hours per day.

- Costco in the ordinary course does not, absent a proven claim of unpaid termination pay, pay any waiting-time penalties to discharge employees.

- On average, at least 30,000 Costco employees have worked each workweek across all Costco's California warehouses.

- [Costco's payroll clock-in and clock-out records reveal that] [f]rom April 2013 through May 2014, at Costco's California warehouses, there were, on average, 1,279 employees, per pay period, whose time records are inconsistent with taking a 30-minute meal break no later than the fifth hour of work during a shift.

(Docket no. 28-1 at ¶¶ 8–12.)

## II.   Legal Standard

28 U.S.C. § 1441(a) gives a defendant the right to remove a civil action to federal court if the federal court would have original jurisdiction.  CAFA gives federal district courts original jurisdiction in any civil action where: (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," (2) the action is pled as a class action involving more than 100 putative class members, and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d).  "[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000."  28 U.S.C. § 1332(d)(6).

If the complaint does not plead a specific amount in controversy or seek a specific amount of damages, a defendant asserting removal under CAFA "must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."  *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013).  "In measuring the amount in controversy, a court must assume that the allegations

1  of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made

2  in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal.

3  2008).   The preponderance of the evidence standard requires a defendant to "provide

4  evidence establishing that it is 'more likely than not' that the amount in controversy exceeds

5  that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1986).

6       A court cannot base its finding of jurisdiction "on a defendant's speculation and

7  conjecture."  *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1118 (C.D. Cal. 2010) (internal

8  brackets and quotation marks omitted).  Where doubt exists regarding the right to remove

9  an action, it should be resolved in favor of remand to state court.  *Matheson v. Progressive

10  Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

11  **III.    Discussion**

12       **A.     Whether Salaried Non-Exempt Managers are "Paid Hourly Compensation"**

13       When calculating the amount in controversy, Costco includes salaried non-exempt

14  pharmacy managers and other department managers as members of the proposed manager

15  class.  (Docket no. 28 at 1.)  The Court discredited Costco's reliance on these salaried

16  employees because the manager class is limited to employees that "were paid hourly

17  compensation." (Docket no. 16 at 8.)

18       Costco has now provided evidence that its salaried non-exempt managers can be

19  members of the proposed manager class because, to the extent they are paid for overtime,

20  they are paid on an hourly basis.  (Docket no. 28-1 at ¶ 8); *see also* Cal. Lab. Code

21  § 515(d)(2).  Plaintiffs don't dispute this. (*See* Docket no. 30 at 2.)  There's a difference,

22  however, between being eligible to receive hourly compensation and actually being paid

23  hourly compensation—as required to meet the class definition.   Costco's evidence

24  establishes the former but doesn't establish the latter.  Without evidence showing the number

25  of salaried non-exempt managers that received hourly pay, the Court is left to speculate as

26  to the number of members in the manager class and the number of violations they allegedly

27  suffered.

28  / / /

Plaintiffs' complaint partially fills the gap in Costco's evidence—alleging that "there are at least 99 members" of the manager class. (Docket no. 1-1 at ¶ 11(a).)  It's unclear, however, whether these 99 members were paid at the pharmacy manager rate or the department manager rate.  There's also no evidence regarding the number of managers that were actually paid hourly compensation *and* terminated employment during the class period, so the Court can't verify the amount in controversy for Plaintiffs' manager class waiting time claims.  Nor is there evidence regarding the number of managers working per week that were actually paid hourly compensation, which is necessary for the Court to verify Costco's calculated amount in controversy for Plaintiffs' manager class meal break claim.

**B.    Affect of Lack of Evidence on Amount in Controversy**

Without further evidence to substantiate the number of members in the manager class, the Court finds that the amount in controversy is, at most, **$4,245,426.93**, calculated as follows:

- Waiting time: 181[1] terminated pharmacists x $58.75 per hour x 8 hours per day x 30 days = $2,552,100;

- Unpaid overtime: (400 pharmacists x $88.13 overtime rate[2] x (8 hours worked on a seventh day + 4 hours worked in excess of an 8 hour workday)) + (99 managers x $34.01 overtime rate x (8 hours worked on a seventh day + 4 hours worked in excess of an 8 hour workday)) = $463,427.88;

- Meal break claim: Costco's estimate is $38,775;

- Rest break claim: (2 occurrences x 400 pharmacists x $58.75 per hour) + (2 occurrences x 99 manager class members x $22.67 per hour) = $51,488.66;

- Wage statement claim: (1) $24,950 for a wage statement failing to record off the clock

---

[1] Costco calculates the waiting time claims using 191 terminated pharmacists, 11 terminated pharmacy department managers, and 33 terminated other department managers. (Docket no. 28 at n.5.)  These numbers don't match the evidence they provide in support of their motion. (Docket no. 28-1 at ¶¶ 4–6.)

[2] Costco uses the doubletime rate to calculate all eight hours of the seventh-day claim. (Docket no. 28 at n.7.)  But doubletime only applies to time worked in excess of eight hours on the seventh day of a workweek.  Cal. Lab. Code § 510.  The overtime rate applies.

work (499 total class members x $50), (2) $49,900 for a statement failing to record work over 12 hours in a workday without being paid at the applicable overtime rate (499 x $100), (3) $49,900 for a statement failing to record work of 8 hours on the seventh day of a workweek (499 x $100), (4) $99,800 for a statement failing to record rest-break occurrences ($100 penalty x 499 class members x 2 missed rest breaks), $66,000 for each meal break violation ($100 penalty x 132 pay periods x 5 noncompliant pharmacist meal periods per period), for a sum of $290,550;

• Attorney's fees: 25% of total for above violations = $849,085.39;

• Punitive damages: unavailable as explained in *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1010 (N.D. Cal. 2007) and *Brewer v. Premier Golf Properties*, 168 Cal.App.4th 1243, 1252–56 (2008).

## C.   Additional Briefing

The Court will give Costco one final opportunity to cure their lack of sufficient evidence.  If it believes it can establish the requisite amount in controversy, Costco may file a memorandum that provides admissible evidence addressing the following questions:

1. How many of the salaried non-exempt managers it relies on "were [actually] paid hourly compensation and employed by Costco" during the class period?  If managers were paid only their salary, without additional hourly pay for overtime or some other reason, they are not part of the manager class as currently defined.

2. How many of the managers it relies on were actually paid hourly compensation and terminated employment during the class period?  (*See, e.g.,* Docket no. 28-1 at ¶¶ 4–6.)

3. How many of the managers it relies on were actually paid hourly compensation and working per week?  (*Id.*)

4. After any recalculation made necessary by the directions in this order, what are the rates of pay for pharmacy and other managers, as adjusted from the rates provided in paragraphs 5 and 6 of the declaration of Patrick Callans?  (*Id.*)

/ / /

5.      How many pay periods have there been during the class period to date?  *See, e.g.,*
        *Cruz v. Dollar Tree Stores, Inc.*, 2009 WL 1974404, at *2 (N.D. Cal. July 2, 2009)
        (ending class period at time of certification).

6.      Are salaried non-exempt pharmacy managers also pharmacists, and if so, can they
        be included in the pharmacist class?

Costco's memorandum must not exceed five pages, not counting any appended documents, and must be filed no later than October 30, 2015.  While Plaintiffs have never objected to Costco's inclusion of salaried managers in its calculations, they may file a reply, also no longer than five pages not counting appended documents, no later than November 6, 2015. This is **not** an invitation to brief any issue other than the six specific issues listed above.

        **IT IS SO ORDERED**.

DATED:  October 22, 2015

**HONORABLE LARRY ALAN BURNS**
United States District Judge