# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA DITTMAR and PAULINE TILTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | CASE NO. 14-CV-1156-LAB-JLB<br><br>**ORDER DENYING MOTION TO REMAND (DOCKET NOS. 5 AND 30)** |

Plaintiffs Paula Dittmar and Pauline Tilton seek to bring their employment claims against Costco on behalf of two proposed classes:

- *Pharmacist class*: All current and former non-exempt pharmacists employed by Costco in California since April 3, 2010.
- *Manager class*: All current and former non-exempt managers who were paid hourly compensation and employed by Costco in California since April 3, 2010.

Costco removed from state court. (Docket no. 1.) Plaintiffs seek remand, arguing that the Class Action Fairness Act's (CAFA) $5,000,000 amount in controversy requirement is met. (Docket nos. 5 and 30.)

**I.   Background**

Plaintiffs allege Costco: failed to pay overtime; failed to pay all wages due; failed to provide timely meal breaks; provided inaccurate wage statements; failed to pay unpaid

- 1 -

wages at the time of discharge; failed to pay accrued vacation pay at discharge; engaged in unfair business practices; and engaged in conversion. (Docket no. 1-1.) They contend Costco committed these violations on a regular basis. (*See* Docket no. 1-1 at ¶¶ 10, 11, 21–23, 27, 28.) For example, they allege Costco "used uniform policies and procedures that have consistently violated California labor laws and regulations," (Docket no. 1-1 at ¶¶ 10, 11), "engaged in a uniform policy and procedure" of failing to pay class members "for all hours worked at the agreed rate," (*id.* at ¶¶ 21–23), and "routinely" denied meal breaks to class members, (*id.* at ¶¶ 27, 28.) They allege that the pharmacist and manager classes each include "at least 99 members." (*Id.* at ¶¶ 10, 11.) But they don't plead a specific amount in controversy.

To quantify the amount in controversy, Costco declares that:

- Since April 3, 2010, it has employed more than 400 non-exempt pharmacists, 100 salaried non-exempt pharmacy managers, and 700 salaried non-exempt managers in California. (Docket no. 1-2 at ¶¶ 4–6.)
- All 800 of the managers received hourly pay for overtime during the class period. (Docket no. 41-1 at ¶ 3.)
- From April 3, 2010 through April 3, 2014, it employed, on average, more than 114 non-exempt pharmacists, 82 salaried non-exempt pharmacy managers, and 624 salaried non-exempt department managers per workweek. (Docket no. 1-2 at ¶¶ 4–6.)
- During that period, 181 non-exempt pharmacists, 10 salaried non-exempt pharmacy managers, and 25 salaried non-exempt department managers left the employment of Costco. (*Id.*) 143 of those non-exempt pharmacists, 8 of those salaried non-exempt pharmacy managers, and 25 of those salaried non-exempt department managers left Coscto between April 3, 2011 and April 3, 2014. (*Id.*) Since April 4, 2014, one additional salaried non-exempt pharmacy manager and 14 additional salaried non-exempt department managers left Costco. (Docket no. 41-1 at ¶ 5.)
- During the same time period, non-exempt pharmacists made at least $58.75 per hour,

salaried non-exempt pharmacy managers made at least $63.22 per hour for overtime purposes, and salaried non-exempt department managers made $22.67 per hour for overtime purposes. (Docket no. 28-1 at ¶¶ 4–6.)

- The relevant pharmacy department managers and pharmacists generally have been scheduled to work 8 hours per day and the relevant department managers have been scheduled to work 9 hours per day. (*Id.* at ¶ 9.)
- Coscto generally doesn't, absent a proven claim of unpaid termination pay, pay waiting-time penalties to discharged employees. (*Id.* at ¶ 10.)
- On average, at least 30,000 of Coscto's employees have worked each workweek across all its California warehouses. (*Id.* at ¶ 11.)
- Costco's payroll clock-in and clock-out records reveal that, from April 2013 through May 2014, at its California warehouses, there were, on average, 1,279 employees, per pay period, whose time records are inconsistent with taking a 30-minute meal break no later than the fifth hour of work during a shift. (*Id.* at ¶ 12.)

Plaintiffs admit that they are unable to estimate the frequency of violations suffered by the class. (Docket nos. 30-1 and 30-2.)

**II.    Legal Standard**

28 U.S.C. § 1441(a) gives a defendant the right to remove a civil action to federal court if the federal court would have original jurisdiction. CAFA gives federal district courts original jurisdiction in any civil action where: (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," (2) the action is pled as a class action involving more than 100 putative class members, and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). "[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(6).

If the complaint does not plead a specific amount in controversy or seek a specific amount of damages, a defendant asserting removal under CAFA "must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the

jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The preponderance of the evidence standard requires a defendant to "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1986).

A court cannot base its finding of jurisdiction "on a defendant's speculation and conjecture." *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1118 (C.D. Cal. 2010) (internal brackets and quotation marks omitted). "Rather, a defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum." *Korn*, 536 F.Supp.2d at 1205. Where necessary, a defendant seeking removal under CAFA may make assumptions when calculating the number of violations, but those assumptions must be "supported directly by, or reasonably inferred from, the allegations in the complaint." *Altamirano v. Shaw Indus., Inc.*, 2013 WL 2950600, at *7 (N.D. Cal. June 14, 2013). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

**III.   Discussion**

   **A.   Waiting Time Claims**

Plaintiffs allege that Costco willfully failed to timely pay all wages owed upon separation of employees from employment. (Docket no. 1-1 at ¶¶ 33–38.) Under California law, employers must pay all wages owed within 72 hours when employees resign, and immediately where the employee is discharged or laid off. Cal. Lab. Code §§ 201–202. When an employer willfully fails to timely pay wages upon separation, the employee is entitled to normal wages for every day the wages are late, up to a maximum of 30 days. *Id.* at § 203.

/ / /

Because Plaintiffs allege that Costco's violations were regular and pursuant to "a uniform policy," (Docket no. 1-1 at ¶¶ 10, 11, 21, 22, 23, 27, 28), it's reasonable to assume each former employee was underpaid at least one time during their employment. *Altamirano*, 2013 WL 2950600, at *12. The record doesn't suggest Costco paid these unpaid wages in the thirty days after separation, so awarding penalties for the entire thirty day period is reasonable. *Id.* Evidence also supports Costco's proposed hourly rate and assumption of a nine hour work day for department managers and eight hour work day for all other class members. (Docket no. 28-1 at ¶¶ 4–6, 9.)

A three-year statute of limitations applies to waiting time claims, and the limitations period is considered in determining the amount in controversy. *Mejia v. Prologix Distribution Servs. (W.), LLC*, 2012 WL 5522309, at *4 (N.D. Cal. Nov. 14, 2012); *Trang v. Turbine Engine Components Technologies Corp.*, 2012 WL 6618854, at *6 n.5 (C.D. Cal. Dec. 19, 2012). Where appropriate under the class definition, post-removal damages can be considered in determining the amount in controversy. *See Lao v. Wickes Furniture Co.*, 455 F. Supp. 2d 1045, 1050 (C.D. Cal. 2006) (overruled on other grounds); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 n.4 (N.D. Cal. 2002); *Cruz v. Dollar Tree Stores, Inc.*, 2009 WL 1974404, at *2 (N.D. Cal. July 2, 2009) (ending class period at time of certification).

Plaintiffs' waiting time claims put **$2,404,838.10** in controversy. (143 terminated pharmacists x $58.75 per hour x 8 hours per day x 30 days) + (9 terminated pharmacy managers x $63.22 per hour x 8 hours per day x 30 days) + (39 terminated department managers x $22.67 per hour x 8 hours per day x 30 days) + (39 terminated department managers x $34.01 per overtime hour x 1 hour per day x 30 days).

### B. Unpaid Overtime Claim

Plaintiffs allege class members had to work non-de minimis periods of time off the clock, and as a result, were under Costco's control for over 8 hours in a day and 40 hours per workweek, required to work in excess of 12 hours in one day, and required to work more

/ / /

- 5 -

than 8 hours on the seventh day of a workweek. (Docket no. 1-1 at ¶¶ 17–19.) Under California law,

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

Cal. Lab. Code § 510.

Costco argues that Plaintiffs' allegations establish for removal purposes that each class member worked, without overtime pay, at least one 12 hour day and at least one 8 hour day on the seventh day of a workweek. (Docket no. 28 at 2–3.) Plaintiffs allege that Costco's labor violations were consistent, and were made pursuant to Costco's "uniform policies and procedures." Thus, they provide a reasonable inference that each claimed violation occurred to each class member at least one time during their employment. *Cf. Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) ("Given the allegations of a 'uniform policy and scheme' and that the violations took place 'at all material times,' one violation per week on each claimed basis is a sensible reading of the alleged amount in controversy, as pleaded by Plaintiff.")

Plaintiffs' unpaid overtime claim puts **$822,504** in controversy. (400 pharmacists x $88.13 overtime rate x (8 hours worked on a seventh day + 4 hours worked in excess of an 8 hour workday)) + (100 pharmacy managers x $94.83 overtime rate x (8 hours worked on a seventh day + 4 hours worked in excess of an 8 hour workday)) + (700 department managers x $34.01 overtime rate x (8 hours worked on a seventh day + 4 hours worked in excess of an 8 hour workday)).

**C.    Meal Break Claim**

Plaintiffs allege that Costco "routinely" denied meal breaks. (Docket no. 1-1 at ¶¶ 27, 28.) Under California Labor Code § 226.7, an employer must pay an employee for one hour at the employee's normal wage for each meal or rest period that it fails to provide.

- 6 -

Extrapolating from evidence of the number of class members working per work week, the total number of employees working per work week, the number of time records that are inconsistent with taking a meal break, and the number of pay periods in the relevant time period, Costco establishes by a preponderance of the evidence that Plaintiffs' meal break claim puts **$168,014.40** at controversy. (Docket no. 28 at 3 n.8; Docket no. 41 at 3); *Ford v. CEC Entm't, Inc.*, 2014 WL 3377990, at *4 (N.D. Cal. July 10, 2014) (finding broad allegations coupled with summary data from time records sufficient to establish estimate).

### D. Rest Break Claim

Plaintiffs allege that Costco failed to provide its employees "with required rest periods." (Docket no. 1-1 at ¶¶ 27, 28.) Because Plaintiffs allege that Costco's violations were regular and pursuant to a uniform policy, Costco's estimate that each class member suffered at least two rest break violations during their employment is reasonable. Plaintiffs' rest break claim puts **$91,382** at controversy. (400 pharmacists x $58.75 per hour x 1 hour x 2 occurrences) + (100 pharmacy managers x $63.22 per hour x 1 hour x 2 occurrences) + (700 department managers x $22.67 per hour x 1 hour x 2 occurrences).

### E. Wage Statement Claim

Plaintiffs allege that Costco knowingly and intentionally failed to provide accurate wage statements, and class members suffered injury as a result. (Docket no. 1-1 at ¶¶ 29–32.) They essentially claim that, for each instance of off the clock work and non-compliant break, the class members' corresponding wage statements were inaccurate. California Labor Code § 226(e) provides that, where an employer knowingly and intentionally provides an inaccurate wage statement, the employee:

> is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

When a plaintiff shows actual damages flowing from the receipt of an inaccurate wage statement, the limitations period is two years. Absent actual damages, the limitations period is one year. Cal. Lab.Code § 226; Cal.Code Civ. Proc. § 340(a).

To estimate the number of wage statement violations, Costco assumes that each class member suffered: (1) one instance of unpaid off the clock work; (2) one instance of working over 12 hours in a workday without being paid overtime or double time; (3) one instance of working over 8 hours on the seventh day of a workweek without being paid overtime or double time; and (4) two rest break violations. (Docket no. 28 at 3–4; *see also* Docket no. 1-1 at ¶¶ 17, 18, 22, 25, 27.) In addition, from the number of time records that are inconsistent with taking a 30-minute meal break, it estimates that 36 class members suffered meal break violations every pay period. (Docket no. 28 at 4; *see also* Docket no. 1-1 at ¶¶ 25, 27.) Because Plaintiffs allege that each of these violations occurred regularly, Costco's estimates are conservative. Assuming a one year statute of limitations period applies, Plaintiffs' wage statement claim puts **$684,000** in controversy. (At least 984[1] class members worked during the limitations period x $50 for off the clock work) + (984 x $100 for working over 12 hours in a workday without premium pay) + (984 x $100 for working over 8 hours on the seventh day of a workweek) + (984 x $100 x 2 occurrences for rest break violations) + (67 pay periods x 36 inaccurately recorded meal breaks per pay period x $100).

**F.     Attorney's Fees**

Attorneys' fees are included in the amount in controversy for purposes of evaluating diversity jurisdiction. *Jasso*, 2012 WL 699465, at *6. Costco calculates attorney's fees equal to 25% of the total amount in controversy. (Docket no. 28 at 4–5.) Ninth Circuit authority supports a 25% benchmark. *See, e.g., Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."). Thus, attorney's fees put **$1,042,684.63** in controversy.

/ / /

/ / /

---

[1] Coscto bases its wage statement claim on the 1,200 putative class members it has employed since April 3, 2010. But some of those employees left Costco before the relevant limitations period began. (Docket no. 1-2 at ¶¶ 4–6.) Since 216 putative class members left between April 3, 2010 and April 3, 2014, (Docket no. 1-2 at ¶¶ 4–6), Coscto's evidence demonstrates that it employed at least 984 putative class members during the wage statement limitations period.

- 8 -

### G. Punitive Damages

Because Plaintiffs seek punitive damages for conversion, Costco includes punitive damages in its amount in controversy estimate. (Docket no. 28 at 5.) Where available, punitive damages count toward the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001). But Plaintiffs cannot maintain a conversion claim based on California Labor Code violations, because the Labor Code provides an exclusive statutory remedy. *See, e.g., Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1010 (N.D. Cal. 2007). And punitive damages aren't recoverable for violations of the Labor Code. *See Brewer v. Premier Golf Properties*, 168 Cal.App.4th 1243, 1252–56 (2008). Thus, punitive damages don't count toward the amount in controversy. *See Trahan v. U.S. Bank Nat. Assoc.*, 2009 WL 4510140, at *4 (N.D. Cal. Nov. 30, 2009) (same).

## IV. Conclusion

Costco has demonstrated by a preponderance of evidence that the aggregate amount in controversy exceeds $5,000,000. Thus, the Court **DENIES** Plaintiffs' motion to remand. Plaintiffs shall respond to Costco's motion to dismiss (Docket no. 23) no later than 21 days following this order. (*See* Docket no 29.)

**IT IS SO ORDERED**.

DATED: November 13, 2015

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge