# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA DITTMAR, et al.<br><br>  Plaintiffs,<br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>  Defendant. | CASE NO. 14cv1156-LAB (JLB)<br><br>**ORDER ON COSTCO'S MOTION TO DISMISS OR STRIKE** |

This putative wage and hour class action arises out of Paula Dittmar and Pauline Tilton's employment with Costco. Costco has moved to dismiss or strike the First Amended Complaint. (Docket no. 52.) It argues: (1) Plaintiffs failed to allege facts sufficient to satisfy Fed. R. Civ. P. 23; (2) Tilton lacks standing to represent the Proposed Pharmacist Class; (3) Plaintiffs failed to plead facts supporting a Cal. Labor Code § 2802 claim; (4) Plaintiffs failed to plead a claim for conversion; (5) Plaintiffs failed to plead a violation of Cal. Labor Code §§ 221 and 223; (6) Plaintiffs' request for Cal. Labor Code § 225.5 penalties fails; (7) Plaintiffs lack standing to seek injunctive relief; (8) attorney's fees and costs cannot be recovered on meal and rest break clams; (9) Plaintiffs' claim under the unlawful prong of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq*., is improper to the extent that it relies on Cal. Labor Code §§ 226.7 and 512(a); and (10) Plaintiffs' claim for Cal. Labor Code § 203 penalties fails.

Plaintiffs agree to remove references to their § 2802 claim, § 225.5 request, injunctive relief claim, and prayer for penalties under § 203. (Docket no. 54 at 2 n.1.)

### I. Request for Judicial Notice

Costco's request for judicial notice (Docket no. 52-3) of an order granting a demurrer and motion to strike in *Aguilar v. Marriot Int'l* is **GRANTED**. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

### II. Sufficiency of Class Allegations

Coscto seeks dismissal of the class allegations, arguing that they don't sufficiently allege typicality, adequacy of representation, commonality, predominance, and superiority of class resolution. Plaintiffs argue that Costco's challenge to the sufficiency of the class allegations is premature. The Court agrees with Plaintiffs; each of Coscto's arguments are more appropriately reserved for a motion for class certification. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007) (finding that a motion to dismiss class allegations was premature where the defendant had not answered the complaint, discovery had not yet commenced, and no motion for class certification had been filed); *Cholakyan v. Mercedes–Benz USA, LLC*, 796 F.Supp.2d 1220, 1246 (C.D. Cal. 2011) (finding that a motion to strike class allegations was premature where defendant had not filed an answer and discovery had not begun). In the absence of discovery and the presentation of specific arguments from both parties concerning class certification, the Court lacks sufficient information to rule on the propriety of the class allegations. The allegations in the complaint are sufficient to survive Costco's motion to dismiss.

### III. Tilton's Standing to Represent Proposed Pharmacist Class

Costco argues that Tilton doesn't have standing to represent the Proposed Pharmacist Class because she wasn't a pharmacist during the four years before this case was filed. (Docket no. 52 at 11.) Plaintiffs respond that Tilton was a pharmacist during the period. They explain "[a]lthough Tilton was promoted from pharmacist to manager, she continued working as a pharmacist, as did all of the managers of all of Costco's pharmacy

1 departments." (Docket no. 54 at 20.) They offer to amend the complaint to clarify the issue. (*Id.*) The Court agrees with Costco that the First Amended Complaint suggests that Tilton wasn't a member of the Propose Pharmacist Class, so its motion to strike Tilton as a representative of that class is **GRANTED**. But, the Court will give Plaintiffs leave to amend to clarify Tilton's role during the relevant time period.

**IV.    Conversion Claim**

The parties dispute whether Plaintiffs can maintain a conversion claim based on California Labor Code violations. Following several federal district court decisions, the Court previously held that they can't because the Labor Code provides an exclusive statutory remedy. (Docket no. 43 at 9.) Now the Plaintiffs have notified the Court of a second line of cases that contradict the Court's previous holding on the issue. (Docket no. 54 at 19 (citing *Sims v. AT & T Mobility Servs. LLC*, 955 F. Supp. 2d 1110 (E.D. Cal. 2013).)

"As a general rule, where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is exclusive." *Rojo v. Kliger*, 52 Cal. 3d 65, 79 (1990). *Sims* points out that employees *were* entitled to recover unpaid wages and overtime compensation at common law. 955 F. Supp. 2d at 1117. Thus, it held, the Labor Code doesn't provide an exclusive statutory remedy. *Id.*; see also Alvarenga v. Carlson Wagonlit Travel, Inc., 2016 WL 466132, at *4 (E.D. Cal. Feb. 8, 2016); *Rodriguez v. Cleansource, Inc.*, 2015 WL 5007815, at *9 (S.D. Cal. Aug. 20, 2015). After reviewing the *Sims* line of cases, the Court agrees that a cause of action for conversion of unpaid wages is viable. *See also Dep't of Indus. Relations v. UI Video Stores, Inc.*, 55 Cal. App. 4th 1084, 1096 (1997).

Costco's motion to dismiss the conversion claim is denied. *Mann v. Cty. of San Diego*, 2015 WL 7458613, at *3 (S.D. Cal. Nov. 23, 2015) ("District courts retain inherent authority to revise interim or interlocutory orders any time before entry of judgment." ).

**V.    Plaintiffs' Cal. Labor Code §§ 221 and 223 Claims**

Cal. Labor Code § 221 makes it "unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." "By

enacting Labor Code section 221 the Legislature has prohibited employers from using self-help to take back any part of wages theretofore paid to the employee, except in very narrowly defined circumstances provided by statute." *Lindell v. Synthes USA*, 2016 WL 70305, at *12 (E.D. Cal. Jan. 6, 2016) (internal brackets, ellipses, and quotation marks omitted). Under Cal. Labor Code § 223, "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

Plaintiffs don't allege any facts to suggest that Coscto ever took back previously paid wages. Nor do they allege facts to suggest hat Costco maintained a secret wage scale. And Plantiffs' reliance on *Gonzalez v. Downtown LA Motors, LP*, 215 Cal. App. 4th 36 (2013) and *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314 (2005) is misplaced because Plaintiffs don't allege that Costco credited the average of an agreed upon rate against its minimum wage obligations. Costco's motion to dismiss Plaintiffs' §§ 221 and 223 claims is **GRANTED**.

## VI. Availability of Attorneys' Fees and Costs for Meal and Rest Break Clams

For their claim under Cal. Labor Code §§ 226.7(b) and 512(a), Plaintiffs prayer seeks attorney's fees under Cal. Labor Code §§ 218.5 and 1194. (Docket no. 51 at 30.) As Costco points out, and Plaintiffs don't deny, those sections don't authorize attorney's fees for Labor Code §§ 226.7(b) and 512(a) claims. (Docket no. 52 at 14 (citing *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244, 1254–55, 1259 (2012).) Costco's motion to strike the references to Cal. Labor Code §§ 218.5 and 1194 in Plaintiffs' prayer is **GRANTED**. Plaintiffs may, however, amend their complaint to seek attorney's fees under California Code of Civil Procedure § 1021.5. *See Pena v. Taylor Farms Pac., Inc.*, 2014 WL 1665231, at *10 (E.D. Cal. Apr. 23, 2014).

## VII. Plaintiffs' UCL Claim

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiffs bring their UCL claim under the unlawful prong, contending Costco: failed to timely compensate for used and accrued vacation time in violation of Cal. Labor Code § 227.3; failed to provide timely meal breaks in violation of Cal.

Labor Code §§ 226.7(b) and 512(a); failed to compensate for untimely meal breaks in violation of Cal. Labor Code §§ 226.7(c); and failed to pay for all hours worked at straight time and overtime rates. Costco's motion to dismiss contends that Plaintiffs' UCL claim can't be predicated on Cal. Labor Code §§ 226.7(b) and 512(a) because those statutes don't provide a restitutionary remedy.

"While the scope of conduct covered by the UCL is broad, its remedies are limited." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). "[P]revailing plaintiffs are generally limited to injunctive relief and restitution." *Id.* (internal quotation marks omitted). Penalties, intended to "punish employers," not "compensate employees for work," are considered nonrestitutionary damages. *Pineda v. Bank of Am., NA*, 50 Cal. 4th 1389, 1402 (2010). "[T]he 'additional hour of pay' remedy in section 226.7 is a 'liability created by statute' and . . . the liability is properly characterized as a wage, not a penalty." *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal. 4th 1244, 1257 (2012) (quoting *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1102, 1114 (2007)). Although "the section 226.7 payment . . . compensates the employee for events other than time spent working," the payments remain compensatory. *Murphy*, 40 Cal. 4th at 1113. As such, they're properly characterized as restitutionary. *Pena v. Taylor Farms Pac., Inc.*, 2014 WL 1665231, at *10 (E.D. Cal. Apr. 23, 2014); *see also Studley v. All. Healthcare Servs., Inc.*, 2012 WL 12286522, at *7 (C.D. Cal. July 26, 2012). Plaintiffs can pursue their UCL claim.

**VIII.   Conclusion**

Costco's motion to dismiss or strike (Docket no. 23) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs shall file an amended complaint that's consistent with this order no later than June 24, 2016.

**IT IS SO ORDERED**.

DATED: June 17, 2016

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge