UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA DITTMAR and PAULINE TILTON, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No.:  14-cv-1156 LAB (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND CONTACT INFORMATION**<br><br>**[ECF No. 85]** |

Presently before the Court is Plaintiffs' Motion to Compel Discovery and Contact Information. (ECF No. 85.)  Also before the Court is Defendant's opposition to Plaintiffs' motion (ECF No. 86), Plaintiffs' Reply to Defendant's Opposition (ECF No. 89), and the supplemental declarations of Joanne Lawson (ECF No. 91) and Plaintiff Paula Dittmar (ECF No. 92).  A hearing on Plaintiffs' motion was held on December 6, 2016.  (*See* ECF No. 93.)  Having considered all of the briefing and supporting documents presented and the parties' oral arguments, for the reasons set forth below, Plaintiffs' motion is **GRANTED in part and DENIED in part**.

## I. BACKGROUND

### A. Procedural History

Plaintiffs initiated this putative class action by filing a complaint in the San Diego Superior Court on April 3, 2014. (ECF No. 1-1.) The case was removed to this Court on May 7, 2014. (ECF No. 1.) Plaintiffs filed their Third Amended Complaint on July 21, 2016 (ECF No. 71). Plaintiffs seek to represent the following two proposed classes in this action:

> <u>Pharmacist Class</u>: All current and former non-exempt pharmacists employed by Defendants within the State of California within the period four years prior to the date of the filing of this action.
>
> <u>Department Manager Class</u>: All current and former non-exempt managers of any department at Defendants' business who were employed by Defendants in California within the period four years prior to the date of the filing of this action.

(*Id.* at 6–7.) Plaintiffs allege that during the class period, Defendant failed to pay the Pharmacist Class and Department Manager Class all compensation due to them for time spent under their employers' control, as well as payment due for overtime work and premiums due for noncompliant meal and rest periods. (*Id.* at 4.)

In support of their putative class claims, Plaintiffs seek from Defendant discovery and contact information for the majority of the members of the putative state-wide classes. (ECF No. 85-1 at 4.) Defendant objects to providing this information to Plaintiffs, arguing that Plaintiffs have not made the requisite showing that they are entitled to California-wide discovery on any of their claims. (ECF No. 86 at 12–15.) The instant motion seeks to clarify the proper scope of discovery at this stage of the case.

### B. Defendant's Corporate Structure

Defendant Costco Wholesale Corporation ("Defendant" or "Costco") divides its United States warehouses into three geographic divisions: (1) Northern; (2) Eastern; and (3) Southwest. (ECF No. 86 at 6.) The Costco warehouses located in California fall within the Northern and Southwest Divisions. (*Id.*) These two divisions encompass six smaller

geographic regions: (1) Northwest; (2) Midwest; (3) Bay Area; (4) Los Angeles; (5) San Diego; and (6) Texas regions. (*Id.*) All California Costco warehouses exist within the Bay Area, Los Angeles, and San Diego regions. (*Id.*) Plaintiff Dittmar worked in the Lake Elsinore and Morena Boulevard warehouses in the San Diego region. (ECF No. 85-3 at ¶ 1; ECF No. 86 at 6.) Plaintiff Tilton worked in the Victorville warehouse in the Los Angeles Region. (ECF No. 85-4 at ¶ 1; ECF No. 86 at 6.) All warehouses in which Plaintiffs worked are located in the Southwest Division. (ECF No. 86 at 6.)

Each Costco warehouse has a number of independent ancillary businesses, such as, for example, the Tire, Bakery, Delicatessen, and Pharmacy Departments, and each ancillary business has its own regional organization. (*Id.*) With respect to Costco pharmacies, warehouse Pharmacy Managers, such as Plaintiffs Dittmar and Tilton, report to Regional Pharmacy Supervisors, and Regional Pharmacy Supervisors report to Divisional Assistant Vice Presidents of Pharmacies. (*Id.*) Plaintiff Dittmar's Regional Pharmacy Supervisor in the San Diego Region was Kevin Lee, and then Brad Heiner. (*Id.*) Plaintiff Tilton's Regional Pharmacy Supervisor in the Los Angeles Region was Barry Meizel. (*Id.* at 6–7.) Kevin Lee, Brad Heiner, and Barry Meizel's supervisor was Joanne Lawson, Assistant Vice President of Pharmacies for the Southwest Division. (*Id.* at 7.)

There are approximately 120 Costco warehouses in California. (ECF No. 86-3 at ¶ 5.) Of these warehouses, approximately 65 are located in the San Diego and Los Angeles Regions in the Southwest Division. During Plaintiff Dittmar's employment with Defendant, Kevin Lee, and then Brad Heiner, supervised the following 15 California warehouses in the San Diego Region: (1) El Centro; (2) Vista; (3) Morena Boulevard; (4) Santee; (5) San Diego (Carmel Mountain Road); (6) Rancho Del Rey; (7) Carlsbad; (8) La Mesa; (9) S.E. San Diego (Gateway Center Drive); (10) Mission Valley; (11) Temecula; (12) Lake Elsinore; (13) Poway; (14) Chula Vista; and (15) San Marcos. (ECF No. 91 at ¶ 2–3.) During Plaintiff Tilton's employment with Defendant, Barry Meizel supervised the following 28 California warehouses in the Los Angeles Region: (1) Santa Maria; (2) Canoga Park (now Woodland Hills); (3) Van Nuys; (4) Westlake Village; (5) Simi Valley;

(6) Los Feliz; (7) Norwalk; (8) Azusa; (9) Oxnard; (10) Alhambra; (11) Northridge; (12) Santa Clarita; (13) Montebello; (14) Goleta; (15) Torrance; (16) Culver City; (17) SW Bakersfield; (18) Hawthorne; (19) Burbank; (20) City of Industry; (21) Bakersfield; (22) San Luis Obispo; (23) Lancaster; (24) Inglewood; (25) La Habra; (26) Victorville; (27) San Dimas; and (28) Pacoima.[1] (*Id.* at ¶ 4.) The approximately 22 remaining California warehouses in the Southwest Division are supervised by other Regional Pharmacy Managers, including B.J. Min. (*Id.* at ¶ 10.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The relevance standard is thus recognized commonly as one that is necessarily broad in scope in order to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). However, relevancy is not without "ultimate and necessary boundaries." *Hickman*, 329 U.S. at 507. Accordingly, district courts have broad discretion to determine relevancy for discovery purposes. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

The Ninth Circuit has held that often putative class action pleadings alone will not resolve the question of class certification and that some pre-certification discovery will be warranted. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). District courts have broad discretion to control the class certification process, and whether discovery is permitted lies within the sound discretion of the court. *Id.* (quoting *Kamm v.*

---

[1] In May 2013, after Plaintiff Tilton ceased working for Defendant, seven of the warehouses under Barry Meizel's supervision were transferred to a different Los Angeles Regional Pharmacy Supervisor. (ECF No. 91 at 7.) For purposes of this Order, any reference to the warehouses supervised by Barry Meizel refers to the 28 warehouses he supervised while Plaintiff Tilton worked for Defendant.

*Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)).  In determining whether a court should allow pre-certification discovery, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.  *Id.* (citing *Mantolete v. Bolger*, 767 F.2d 1416, 1424–25 (9th Cir. 1985); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)).  Absent some factual basis for a plaintiff's claims that defendant's alleged wrongs are class-wide, plaintiffs are not entitled to class-wide discovery; and the plaintiff cannot rely on the bare allegations of the complaint to support class-wide discovery.  *See Tracy v. Dean Witter Reynolds*, 185 F.R.D. 303, 305 (D. Col. 1998); *see, e.g.*, *Coleman v. Jenny Craig, Inc.*, No. 11-cv-1301-MMA (DHB), 2013 WL 2896884, at *9 (S.D. Cal. June 12, 2013) (denying plaintiff's request for discovery from other offices where evidence did not substantiate plaintiff's allegations that the class extended beyond locations where plaintiff worked); *Franco v. Bank of America*, No. 09-cv-1364 LAB (BLM), 2009 WL 8729265, at *4 (S.D. Cal. Dec. 1, 2009) (same).

## III.  DISCUSSION

### A.  Defendant's Procedural Objections

Before addressing the merits of Plaintiffs' claims, Defendant's opposition argues that Plaintiffs' motion should be dismissed on procedural grounds alone.  (ECF No. 86 at 8–10.)  The Court rejects Defendant's arguments for the following reasons.

#### 1.  Failure to Meet and Confer

Defendant first argues that Plaintiffs' motion should be denied because Plaintiffs failed to comply with both this Court's Local Rules and the undersigned's Civil Chambers Rules, which require counsel to meet and confer on discovery issues before filing discovery motions with the Court.  (ECF No. 86 at 8–9.)  This argument is without merit.

A telephonic Case Management Conference for this action was held on September 27, 2016.  (*See* ECF No. 82.)  During the Conference, Plaintiffs' counsel brought to the Court's attention that the parties dispute the appropriate geographic scope of class certification discovery and whether discovery should reach to managers of Costco

departments beyond Costco Pharmacy Departments. These issues were also raised in the parties' Amended Joint Discovery Plan filed in anticipation of the Case Management Conference. (*See* ECF No. 80 at 3–5.) It appeared the disputed issues would likely hinder the progress of this case, and the parties agreed the issue was ripe for resolution. Therefore, the undersigned invited the parties to immediately brief their disputed issues with respect to the scope of initial discovery. Neither party raised any objection at that time. It should have been obvious to Defendant that by virtue of the Court's inviting opposing briefing from the parties, there was no longer an obligation to meet and confer on these specific issues in dispute. Accordingly, Defendant's argument that Plaintiffs' motion should be denied on the basis that Plaintiffs failed to meet and confer prior to filing their motion is without merit.

        2.      <u>Failure to Specify Document Requests and Acknowledge Objections</u>

Defendant next argues that Plaintiffs' motion should be denied because Plaintiffs ignore Rule IV.D.1 of the undersigned's Civil Chambers Rules, which requires movants to specify each discovery dispute, why discovery is needed, the legal basis for that view, and the legal basis for objections. This argument is also without merit. As discussed during the September 27, 2016 Case Management Conference, the undersigned requested that the parties' briefs discuss only the broad, threshold issues of: (1) whether discovery should be limited to particular warehouses; and (2) whether discovery should be limited to particular departments within the warehouses. The parties were not invited to address any disputes arising from specific discovery requests and objections at this time. Accordingly, any argument that Plaintiffs' motion should be denied for failure to specify particular document requests and acknowledge Defendant's objections to specific discovery requests is without merit.

///
///
///
///

**B.  Scope of Discovery**

  1.  <u>Pharmacist Class</u>

    i.  *Failure to Pay for Off-the-Clock Work*

Plaintiffs assert that they are entitled to California-wide discovery with respect to Defendant's alleged failure to pay the putative Pharmacist Class for off-the-clock work. (ECF No. 85-1 at 11–12.) Defendant disagrees, arguing that Plaintiffs have failed to show that they are entitled to any discovery with respect to this putative Pharmacist Class claim. (ECF No. 86 at 14.)

In support of their claim, Plaintiffs assert that: (1) Joanne Lawson stated in Plaintiff Dittmar's presence that she was aware that pharmacists were working off-the-clock throughout her "area" (ECF No. 85-3 at ¶ 2); (2) Kevin Lee stated in Plaintiff Dittmar's presence that he was aware that pharmacists at other stores in his region were working off the clock (*id.*); (3) Brad Heiner told Plaintiff Dittmar and other full-time pharmacists at the Morena Boulevard warehouse that they were expected to do "more with less," meaning to do more work in less hours (*id.* at ¶ 8; ECF No. 92 at ¶ 7); (4) pharmacist Vijay Khanna told Plaintiff Dittmar that he worked off-the-clock at Costco's Carlsbad warehouse (ECF No. 85-3 at ¶ 16; ECF No. 92 at ¶ 6); and (5) pharmacist Chen Hwang told Plaintiff Tilton that she worked off-the-clock at Costco's Victorville warehouse. (ECF No. 85-4 at ¶ 6.)

Plaintiffs' motion with respect to this putative Pharmacy Class claim is **GRANTED in part**. Based on the statements purportedly made by Kevin Lee and Joanne Lawson, considered in conjunction with the statements of Vijay Khanna and Chen Hwang that they worked off-the-clock in two separate warehouses under Joanne Lawson's supervision, the Court is persuaded that discovery is likely to produce substantiation of Plaintiffs' allegation that Defendant failed to pay pharmacists for off-the-clock work. *See Vinole*, 571 F.3d at 942. The Court is also persuaded that based on this evidence, Plaintiffs are entitled to discovery on this claim beyond the two warehouses in which they worked. Accordingly, the Court concludes that Plaintiffs are entitled to seek discovery related to off-the-clock work from pharmacists who work, or formerly worked within the class period, at all

California warehouses located in Costco's Southwest Division. To the extent Defendant has not already done so, Defendant shall provide Plaintiffs with a written list of the WHSE number, name, and address of each California Costco warehouse located within the Southwest Division on or before **December 19, 2016**.

As Plaintiffs provided no evidence that Defendant allegedly failed to pay pharmacists for off-the-clock work at any California warehouse outside of the Southwest Division, at this stage of the proceedings and with respect to this claim, any request that the Court compel Defendant to provide contact information or other discovery for pharmacists who work or worked in California warehouses outside of the Southwest Division is **DENIED**. *See Coleman*, 2013 WL 2896884, at *9; *Tracy*, 185 F.R.D. at 305.

### ii. Failure to Provide Required Rest Breaks

Plaintiffs assert that they are entitled to California-wide discovery with respect to Defendant's alleged failure to pay premiums to the putative Pharmacist Class for failing to provide certain legally required rest breaks. (ECF No. 85-1 at 11–12.) Specifically, Plaintiffs allege that it is Defendant's practice to schedule only one pharmacist per warehouse on Saturdays, and this practice prohibits pharmacists from taking the 10-minute rest breaks to which they are entitled. (ECF No. 85-3 at ¶ 17; ECF No. 85-4 at ¶ 8.) Defendant disagrees, arguing that Plaintiffs have failed to show that they are entitled to discovery with respect to this putative Pharmacist Class claim outside of the warehouses in which they worked. (ECF No. 86 at 15.)

In support of their claim, both Plaintiff Dittmar and Tilton stated in their written declarations that, "[w]hile we closed the pharmacy for lunch breaks, it was very hard to close the pharmacy for ten minute rest breaks. We could not close the pharmacy while customers were waiting. On weekends, customers were almost always present." (ECF No. 85-3 at ¶ 17; ECF No. 85-4 at ¶ 8.) In addition, at the December 6, 2016 hearing, Plaintiffs' counsel stated that Deana Mortarana, a Pharmacy Manager at Costco's Santee warehouse, testified at her deposition that she was unable to take approximately 70% of her 10-minute rest breaks on Saturdays due to Defendant's practice of scheduling a single pharmacist at

the Santee warehouse on Saturdays.  Furthermore, Plaintiffs' counsel stated during the hearing that Plaintiffs have discovered through other depositions that Defendant's practice of scheduling a single pharmacist per warehouse on Saturdays was a widespread practice within the San Diego and Los Angeles Regions.

Plaintiffs' motion with respect to this putative Pharmacy Class claim is **GRANTED in part**.  While Plaintiffs' moving papers do little to justify their entitlement to discovery on this issue, the Court is persuaded by the deposition testimony of Deana Mortarana and others that discovery is likely to substantiate this Pharmacy Class claim.  *See Vinole*, 571 F.3d at 942.  As Deana Mortarana and Plaintiff Dittmar reported similar Saturday rest break experiences while working at separate warehouses under the common supervision of Kevin Lee and Brad Heiner, the Court concludes that Plaintiffs are entitled to seek discovery related to this issue from pharmacists who work, or formerly worked within the class period, at the 15 California warehouses that were supervised by Kevin Lee and Brad Heiner.  In addition, as Plaintiff Tilton reported similar Saturday rest break experiences to those of Plaintiff Dittmar and Deana Mortarana, Plaintiffs may seek discovery on this matter from pharmacists who work, or formerly worked within the class period, at the Victorville warehouse.[2]

As Plaintiffs provided no evidence that Defendant allegedly failed to provide pharmacists with legally required 10-minute rest breaks on Saturdays at any California warehouse beyond the warehouses specified above, at this stage of the proceedings and with respect to this claim, Plaintiffs' request that the Court compel Defendant to provide contact information or other discovery for pharmacists who work or worked in California warehouses beyond these specific warehouses is **DENIED**.  *See Coleman*, 2013 WL 2896884, at *9; *Tracy*, 185 F.R.D. at 305.

///

---

[2] As Costco Pharmacy Managers often work as pharmacists (ECF No. 91 at ¶ 6; ECF No. 92 at ¶ 5), for purposes of discovery related to rest breaks, Pharmacy Managers are to be considered pharmacists with respect to shifts that they worked as pharmacists.

### 2. Department Manager Class

Plaintiffs contend their evidence establishes that they are entitled to California-wide discovery with respect to Defendant's alleged failure to pay the putative Department Manager Class for off-the-clock work. (ECF No. 85-1 at 11–12.) Defendant disagrees, arguing that Plaintiffs are entitled to discovery that relates, at most, to Pharmacy Department Managers working off-the-clock at a few warehouses in the San Diego Region and to Non-Pharmacy Department Managers working off-the-clock at the Morena Boulevard warehouse only. (ECF No. 86 at 12–15.) While Plaintiffs define the putative Department Manager Class to include both Pharmacy Department Managers and Non-Pharmacy Department Managers, for purposes of determining the proper scope of discovery at this time, the Court finds it necessary to distinguish between the two.

#### i. *Pharmacy Department Managers*

In support of Plaintiffs' claim that Defendant failed to pay Pharmacy Department Managers for off-the-clock work at all California Costco warehouses, Plaintiff Dittmar asserts that Pharmacy Department Managers from warehouses other than the Morena Boulevard warehouse, specifically Jennifer Ahn, Deana Mortarana, Deborah McElravy, and Jennifer Mann, confirmed that they understood Costco's "manager's code" to mean working off-the-clock in order to complete the work assigned to them.[3] (ECF No. 85-3 at ¶ 5.) In addition, Plaintiff Dittmar asserts that Pharmacy Department Managers from warehouses other than the Morena Boulevard warehouse, specifically Debbie Grannick, Thu-Anh Ly, and Deana Mortarana, told her that they regularly worked off-the-clock. (*Id.* at ¶ 14.) Plaintiff Tilton asserts that Pharmacy Department Managers in various Orange County warehouses, specifically Natalia Youseff, Neel Nehta, Tony, and Joycelyn Pham, told her that they had too much work to complete during their shifts but that they were not supposed to bill overtime hours. (ECF No. 85-4 at ¶ 7.)

---

[3] Plaintiff Dittmar alleges in her motion that Costco's "manager's code" meant managers were to complete the work assigned to them within budget by working overtime without pay. (ECF No. 85-1 at 6–7.)

Plaintiffs' motion with respect to this claim is **GRANTED in part**. Based on the evidence above, the Court concludes that Plaintiffs have met their burden of proving that discovery is likely to substantiate Plaintiffs' claim that Defendant failed to pay Pharmacy Department Managers for off-the-clock work. *See Vinole*, 571 F.3d at 942. However, Plaintiffs have not met their burden of proving that they are entitled to California-wide discovery on this claim. First, the Court is not persuaded that the Orange County Pharmacy Department Managers' stating that they had too much work to complete during their regular shifts means that they actually worked off-the-clock. Second, the Pharmacy Department Managers who reported to Plaintiff Dittmar that they understood the "manager's code" to mean they were required to work off-the-clock or that they regularly worked off-the-clock all worked only at warehouses in the San Diego and Los Angeles Regions and under the supervision of Regional Pharmacy Supervisors Brad Heiner, Barry Meizel, and B.J. Min.[4] Accordingly, the Court concludes that Plaintiffs are entitled to seek discovery on this issue only from Pharmacy Department Managers who work, or formerly worked within the class period, at California warehouses that were or are supervised by Kevin Lee, Brad Heiner, Barry Meizel,[5] and B.J. Min. To the extent that Defendant has not already done so, by **December 19, 2016**, Defendant shall provide Plaintiffs with a written list of the WHSE number, name, and address of each California Costco warehouse that is, or was within the relevant class period, under the supervision of B.J. Min.

As Plaintiffs provided no evidence that Defendant allegedly failed to pay Pharmacy Department Managers for off-the-clock work at any warehouse outside of the supervision

---

[4] Specifically, Plaintiffs assert that: (1) Jennifer Ahn worked at the Carmel Valley warehouse and reported to Brad Heiner (ECF No. 92 at ¶ 8); (2) Deana Mortarana worked at the Santee warehouse and reported to Brad Heiner (*id.*); (3) Deborah McElravy worked at the La Mesa warehouse and reported to Brad Heiner (*id.*); (4) Jennifer Mann worked at the Goleta warehouse and reported to either Barry Meizel or B.J. Min (*id.* at ¶ 9); (5) Debbie Grannick worked at the San Marcos warehouse and reported to Brad Heiner (ECF No. 85-3 at ¶ 14; ECF No. 92 at ¶ 7); and (6) Thu-Anh Ly worked at the La Mesa warehouse, reporting to Brad Heiner, and at the Irvine warehouse, reporting to B.J. Min (ECF No. 85-3 at ¶ 14; ECF No. 91 at ¶ 10; ECF No. 92 at 7).

[5] *See* note 1, *supra*.

of Kevin Lee, Brad Heiner, Barry Meizel, or B.J. Min, at this stage of the proceedings and with respect to this claim, Plaintiffs' request that the Court compel Defendant to provide contact information or other discovery for Pharmacy Department Managers who work or worked in a California Costco warehouse not specified above is **DENIED**. *See Coleman*, 2013 WL 2896884, at *9; *Tracy*, 185 F.R.D. at 305.

       ii. *Non-Pharmacy Department Managers*

In support of Plaintiffs' claim that Defendant failed to pay Non-Pharmacy Department Managers for off-the-clock work at all California Costco warehouses, Plaintiff Dittmar asserts that she spoke with other Department Managers, including the Delicatessen, Merchandise, Tire, Bakery, and Food Court Managers, at the Morena Boulevard warehouse and told her they understood Costco's "manager code" to mean working off-the-clock in order to complete the work assigned to them. (ECF No. 85-3 at ¶ 5.) In addition, Plaintiff Dittmar asserts that she was told by Jeanne Rosolino and Kevin Perriera, the General Manager and Assistant General Manager at the Morena Boulevard warehouse, to clock out for a 30-minute period while she attended a managers' meeting. (*Id.* at ¶ 9.) Plaintiff Dittmar further contends that several other department managers who attended that meeting stated that they were working off-the-clock as well. (*Id.*)

Plaintiffs' motion with respect to this claim is **GRANTED in part**. Based on the evidence above, the Court concludes that Plaintiffs have met their burden of proving that discovery is likely to substantiate Plaintiffs' claim that Defendant failed to pay Non-Pharmacy Department Managers for off-the-clock work. *See Vinole*, 571 F.3d at 942. However, Plaintiffs have not met their burden of proving they are entitled to California-wide discovery on this claim. As Plaintiff Dittmar testified at her deposition that she is not affirmatively aware of any non-exempt managers working off-the-clock or being told to work off-the-clock at warehouses other than the Morena Boulevard warehouse (ECF No. 86-2 at 17–19), Plaintiffs are not entitled to seek discovery on this issue from Non-Pharmacy Department Managers who work or worked only in warehouses other than the Morena Boulevard warehouse. Based on the evidence Plaintiffs provided, Plaintiffs may

seek discovery related to off-the-clock work only from the Morena Boulevard warehouse's ancillary business managers and merchandise manager(s).

As Plaintiffs provided no evidence that Defendant allegedly failed to pay Non-Pharmacy Department Managers for off-the-clock work at any warehouse outside of the Morena Boulevard warehouse, at this stage of the proceedings and with respect to this claim, any request that Defendant be compelled to produce contact information or other discovery for Non-Pharmacy Department Managers beyond those specified above is **DENIED**. *See Coleman*, 2013 WL 2896884, at *9; *Tracy*, 185 F.R.D. at 305.

**IT IS SO ORDERED.**

Dated: December 12, 2016

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge