# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA DITTMAR, et al.<br><br>Plaintiffs,<br>vs.<br><br>COSTCO WHOLESALE CORP.,<br><br>Defendant. | CASE NO. 14cv1156-LAB (JLB)<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

Class counsel asks to amend the complaint to substitute new class representatives and to withdraw from representing Paula Dittmar and Pauline Tilton. Counsel says after the parties reached a settlement, Dittmar and Tilton reneged, refused to settle, and have ceased communicating with Counsel. *See* Cal. R. Prof. Conduct 3-700(C)(1)(d).

Courts must "be particularly circumspect in permitting counsel to withdraw from representing just a few plaintiffs in the context of a class action." *Woodall v. Drake Hotel, Inc.*, 913 F.2d 447, 450 (7th Cir. 1990). But the Court has "discretion to address attorney representation and disqualification issues based on the details of each case" and "the unique ethical and due process concerns involved in class actions." *Radcliffe v. Hernandez*, 818 F.3d 537, 549 (9th Cir. 2016). *Radcliffe* didn't deal with the same facts as this case, but the Ninth Circuit cited with approval the following balancing test from the Third Circuit:

> [I]n the class action context, once some class representatives object to a settlement negotiated on their behalf, class counsel may continue to represent the remaining class representatives and the class, as long as the interest of the class in continued representation by experienced counsel is not outweighed by the actual prejudice to the objectors of being opposed by their former counsel.

*Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 590 (3d Cir. 1999). The Court has found one similar case in our circuit where the district court approved a withdrawal motion as "the only way to resolve the obvious conflict of interest created by the overwhelming approval by the rest of the class." *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 19 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981).

While the Court is inclined to grant the request to amend and withdraw, counsel didn't discuss any of the cases above or adequately explain why withdrawal is necessary. Instead, counsel says that Dittmar and Tilton "engaged counsel to file a lawsuit on behalf of a class" and therefore "any individual claims [are] not within the purview of the representation."[1] Counsel appears to be saying that they've always been counsel for the class—not for Dittmar and Tilton individually. If so, the court doesn't understand why counsel needs to withdraw.

The Court requires class counsel to file a concise memorandum explaining why withdrawal is necessary and discussing any relevant authority. Counsel should also discuss California's conflict laws and whether class counsel must obtain consent from Dittmar and Tilton before entering a relationship with new class representatives with adverse interests. Counsel shall file the memorandum on or before June 9, 2017, and ensure this order and the memorandum are provided to Dittmar and Tilton.

**IT IS SO ORDERED**.

DATED: June 2, 2017

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Dkt. 124-1 at 14.